Daly, C. J.
If the assignment was not duly acknowledged, and was consequently ineffectual under the statute as an assignment for the benefit of creditors (Cook v. Kelly, 14 Abb. Pr. 466; Laws of 1877, c. 466, p. 543), it does not follow from that circumstance that there was that fraudulent assignment or disposition of property that will authorize the issuing of an attachment. The instrument is, upon its face, a good and valid assignment, and no presumption of fraud would arise from the mere fact of a defect in the form of the certificate of the acknowledgment, which was evidently a clerical error on the part of the notary who gave the certificate. It would have been a good and valid assignment if the notary had, in his certificate, which was written immediately under the assignment, referred to the instrument as the one acknowledged before him'. He evidently meant to do so by using- the words “the same,” but omitted to mention the instrument as the one meant by “ the same.”'
All there was in addition to this in the affidavit upon which the attachment was granted was that the debtor had, about three months before he made this assignment, induced the plaintiff to give him credit by representing that he was solvent and was worth thirty thousand dollars over and above all his debts and liabilities, which representation, it is averred, was false and fraudulent, and that, relying upon the truth of his statement, the plaintiff continued to sell him goods upon credit until within a few days of his assignment. It is assumed from this that an assignment thereafter, for the benefit of creditors, giving preferences, was *35 presumptively fraudulent, which, does not necessarily follow. A man may obtain credit by false representations in respect to the state o£ his affairs, and yet thereafter honestly make such an assignment. The assignment was evidently duly acknowledged,, and, if the notary had drawn his certificate correctly, the assignment would not be regarded as a fraudulent disposition of property simply because the assignor had previously obtained goods upon credit by false representations respecting his solvency and had preferred certain creditors in the assignment (Talcott v. Rosenthal, 22 Hun, 573; Milliken v. Dart, 26 Id. 24); nor will it in this case because there was a defect in the notary’s certificate of the acknowledgment. There must be some evidence in addition to this from which the legal conclusion can be drawn that the instrument, •though valid on its face, was in reality given with the design and intent, on the part of the debtor, of fraudulently disposing of his property.
The statement in the deputy sheriff’s affidavit that he does not now, and did not when the attachment was placed in his hands, hold any levy upon any property under the attachment, and that no lien whatever has been acquired upon any property under the attachment is contradicted by the certificate and notice given by him on the 11th of April, 1883, to the assignee, that he particularly attached moneys in the assignee’s possession which he held as assignee of the defendant Smith.
The application of the subsequent attaching creditor, to set aside the prior attachment as improperly allowed, must therefore be granted.
II. May, 1883.
From this decision the plaintiffs appealed.
The Common Pleas at General Term, in an opinion, by Van Beunt, J., held that the party moved against in *36 such case has the right to insist upon strict legal proof of the subsequent lien, so that he can attack the same because of defects therein.
“ As far as I have been able to examine the adjudications,” the learned judge said, “ the question now presented has never been raised ; but it seems to me that the plaintiffs in the process attacked, have a right to claim that legal evidence of the existence of the subsequent lien shall be furnished, before they can be called upon to justify their own proceedings, and that they may insist that the moving.lienor shall show to the court that his process, at least, is regular and has a better foundation than the process attacked.”
The order of the Special Term was accordingly reversed with costs upon this ground.
III. August, 1883.
The moving creditors appealed from this order to the court of appeals.
Daniel, Clark Briggs and Otto Horwttz of counsel for plaintiffs and appellants.
Alexander Blumenstiel, of counsel {Samuel Oreenbaum, attorney), for subsequent attaching creditors, respondents.
Ruger, Ch. J.
In each of the above entitled actions the appellant, who was a junior attaching creditor, sought to set aside and vacate prior attachments obtained by the respective respondents and levied upon the property of the defendant, Clinton H. Smith, an insolvent debtor. The motion was founded upon the alleged insufficiency of the affidavits upon which the prior attachments were allowed, and the allegation that the appellant had acquired a lien by virtue of a subsequent attachment upon the same property covered by the prior attachment. The only proof of the latter fact was contained in an affidavit made by the appellant’s attorney, and entitled in the above actions, read *37 ing as follows: “That he is the attorney for the plaintiffs in an action brought iu this court, in which Nicholas Schroeder and Henry O. Seavers are plaintiffs and the above-named defendant is defendant; that on or about March 17, 1882, an attachment against the property of the defendant was granted in said action by Hon. Charles H. Van Brunt, one of said justices, and the said warrant duly issued to the sheriff of the city and county of New York, who has by virtue thereof, attached the property of the said defendant; that the said attachment is in force and said action is now pending; that prior to the issuing of the same and on or about March 9, 1882, an attachment was granted in the above action against the property of the defendant, and by virtue thereof the sheriff of the city and,county of New York attached the property of the said defendant, being the same property attached by the attachment in the case in which deponent is plaintiff’s attorney ; that the attachment herein constitutes a prior lien to that referred to herein.”
The question was raised in the court below that the affidavit furnished no sufficient evidence of the fact that the appellant had acquired a lien upon the same property covered by the prior attachments.
We think for several reasons that the point was well taken. It does not appear by the affidavit quoted which attachment was first levied upon the property in question. The date of the- respective levies is not given, and the last clause of the affidavit, purporting to furnish this information, is indefinite and equivocal. The only proof of either of the levies in question is contained in this affidavit of the attorney, and he does not therein disclose the source of information upon which his statements are predicated. He does not even state that the attachment was duly issued, or that the several levies were duly made. Such an affiant does not necessarily have knowledge of, and cannot be pre-. *38 sumed to know, the several facts attempted to be established by his affidavit i u this case. Their existence depends not only upon the official actions of several persons acting independently of each other, but also upon the legal sufficiency of the papers upon which their action was based. It is difficult to see how an attorney can acquire such knowledge of the several facts required to be proved on this motion as entitles him to give legal evidence of their existence.
Proof of a subsequent valid levy upon the same property, covered by the prior attachment, is a necessary condition to the right of si subsequent attaching creditor to initiate a proceeding to vacate the prior attachment (Code of Civil Procedure, § 682). Until this fact is established by legal evidence he is a mere stranger, having no right to intervene. The opinion of an attorney that a lien has been secured, although put in the form of an affidavit, falls short of the evidence required to establish the jurisdictional fact entitling a general creditor to interfere in the disposition of his debtor’s property.
In Ruppert v. Haug (87 N. Y. 141) and Steuben County Bank v. Alberger (78 N. Y. 252) the party intervening was a judgment creditor, and his lien was secured by a levy upon execution. A manifest distinction has always been made between the position of judgment and general creditors. The authorities referred to by the appellant do not support the propositions to which they were cited.
But a still more serious objection to this motion is disclosed by other undisputed facts. After the prior attachments "were issued, and apparently before the attachment of the moving creditor had come into the sheriff’s hands, an agreement in writing was entered into between the plaintiffs in the prior attachments and the assignee of the insolvent debtor, by which the said plaintiffs impliedly abandoned any attempt to perfect' a *39 levy upon the property of the debtor, in consideration of the agreement upon the part of the said assignee to keep the sum of ten thousand dollars in his hands and to pay it over to the plaintiffs in the prior attachments suits in case they eventually obtained judgment in said suits, and said attachments had not in the meanwhile been vacated and set aside. This agreement is supplemented by the affidavit of the sheriff holding each of the several attachments referred to in these proceedings, verified on April 7, 1882, and alleging not only that he had not levied upon or acquired a lien upon any property by virtue of either of said attachments, but that he had never been able to discover property of the defendant in such attachments liable to be levied upon.
There is no legal evidence in the case tending to controvert either the agreement or the facts stated in the affidavits of the sheriff. The affidavits of the several attorneys, produced by the moving creditors, stating that the sheriff did levy upon the property under said attachments, without disclosing their means of knowledge, or the time when, or the property upon which the pretended levy was made, amount simply to the opinions of the affiants, and do not constitute sufficient proof of the fact alleged, to raise a question of evidence as to its existence.
It therefore conclusively appears that neither the appellant nor the respondent in this appeal have liens either upon the same or upon any property belonging to their mutual debtor, and that the appellant has no legal interest in the question as to the validity of said prior attachments. Such attachments do not stand in the way of the levy of the appellant’s attachments upon any property which he may discover liable to be seized thereon. The appellant can have no interest in the agreement made between the assignee óf the debtor and the prior attachment creditors, for the reason that the *40 only obligation of the assignee thereunder is to the prior attaching creditors, and such obligation cannot inure to the benefit of other parties. The sheriff has never had possession of, or any interest in, the moneys thereby agreed to be retained and paid • over by the assignee, and the only effect of that contract is to create a liability upon the part of the assignee to the prior attaching creditors upon the happening of the contingencies therein provided for. The sheriff can maintain no action upon and has no rights under such agreement, so far as his attachment proceedings are concerned. The appellant’s interest in the property of his debtor can be reached or secured only through his process at the hands of the sheriff, and that is ineffectual to reach a right of action secured by contract to the prior attaching creditors alone. It thus appears quite evident that the appellant has not brought himself within the requirments of the Code, entitling him to move to vacate a prior attachment.
The order must therefore be affirmed, with costs.
All concur, except Attobews, J., absent.