WILLIAM S. KENNEDY, AS RECEIVER OF THE PROPERTY OF JACOB C. WOOD AND JOHN V. D. S. MERRILL, APPELLANT, v. JACOB C. WOOD AND JOHN V. D. S. MERRILL AND JAMES M. McDONNELL, RESPONDENTS.

*Receiver in supplementary proceedings — action by, to set aside a general assignment — declarations of the assignors as to their solvency — a statement made by a party to an action is admissible against him without his attention having been previously called to it — a general assignee is not a purchaser for value.*

In an action by a receiver, appointed in supplementary proceedings, to set aside a general assignment made by the defendants Wood and Merrill to the defendant McDonnell, the plaintiff offered to show declarations of the assignors, made June 14, 1883, that they had a surplus of $100,000, and declarations, made shortly before the general assignment, that they were then better off than in 1883; this offer being made in connection with the general assignment in which the firm appeared to be largely insolvent.

*Held*, that the declarations of the defendant assignors, Wood and Merrill, were material evidence against them, as the question whether the assignors were, and knew themselves to be, largely solvent, was material on the question of fraudulent intent.

The plaintiffs also offered evidence of statements in regard to their solvency, made by the assignors in May, 1886, to Burt & Co., with a view of making a purchase which was actually made. Burt & Co. were placed in the third class of the creditors preferrrd by the assignee.

*Held*, that it was error to exclude this evidence as it was admissible and material against the assignors.

That the evidence above referred to was also admissible as against the assignee.

*Loos* v. *Wilkinson* (110 N. Y., 195); *Van Sachs* v. *Kretz and others* (72 id., 548) followed; *Paige* v. *Cagwin* (7 Hill, 361); *Brisbane* v. *Pratt* (4 Den., 63); *Bullis* v. *Montgomery* (50 N. Y., 352) distinguished.

The assignment, after directing the payment of expenses, provided for the payment of debts, not specifying the amount, to certain persons named in the second item, among whom was Thornton Kinney. The schedule named the amount owing to him as $750. The plaintiff asksd the court to charge that the assignment was fraudulent, because this was an individual debt of Merrill's.

*Held*, that as there was evidence to show some indebtedness of the firm to Kinney, it was not error to refuse this request.

The plaintiff, on the cross-examination of Merrill, offered in evidence Merrill's sworn statement that this $750 was money which Kinney had deposited with Merrill, and which Merrill had loaned to the firm. This evidence was rejected on the ground that the witness had not been interrogated on the trial as to whether that was the fact.

*Held*, that it was error to exclude it, as the statements of a party can always be given in evidence against him whether he is a witness or not, and that it is not necessary to examine him previously as to whether he had made such statements.

About January, 1879, one Alice Fay died in Vermont. On a petition of the heirs, four in number, stating that Merrill was the oldest male heir, he was appointed administrator. As such administrator he loaned to his firm over $5,000, which sum was preferred in the first class.

*Held*, That a claim made by the plaintiff, that this was a provision for the assignor's benefit, could not be sustained as there was no proof to show what interest, if any, Merrill had in the Fay estate at the time of the assignment.

A question, asked by the defendants of McDonnell, the assignee, whether he had any intent to hinder and defraud the creditors of the assignors, which was objected to by the plaintiff as incompetent, was allowed.

*Held*, that the court erred in overruling the objection as his intent was not material, inasmuch as he was not a purchaser for value.

APPEAL by the plaintiff from a judgment, entered upon the verdict of a jury, rendered in favor of the defendants at the Rensselaer Circuit, in the Rensselaer County clerk's office, December 29,

1887; and from an order entered January 27, 1888, denying the plaintiff's motion to set aside the verdict and for a new trial.

This action was brought by a receiver appointed in supplementary proceedings to set aside a general assignment made by defendants Wood and Merrill to defendant McDonnell. The case was tried before Justice EDWARDS and a jury. The jury found a verdict for defendants, and judgment accordingly was granted thereon. From this judgment, and the order denying the motion to set aside the verdict, the plaintiff appeals.

*Henry A. King* and *Frank S. Black*, for the appellant.

*Edgar L. Fursman*, for the respondents.

LEARNED, P. J.:

The assignment was made October 30, 1886. The plaintiff offered to show declarations of the assignors, made June 14, 1883, that they had a surplus of $100,000, and declarations shortly before the general assignment, that they were then better off than in 1883; this offer being in connection with the general assignment in which the firm appeared to be largely insolvent. This testimony was excluded, and plaintiff excepts.

The assignors, Wood and Merrill, were parties defendant. The complaint alleged that the assignment was made with intent to hinder, delay and defraud, etc. This was denied by all defendants, and an issue was thus raised on this allegation. If the assignment was made with such intent on the part of the assignors, it was void. *Starin* v. *Kelly*, 88 N. Y., 418.) The declarations of the assignors were evidence against them; and they were defendants. (*Loos* v. *Wilkinson*, 110 N. Y., 195; *Van Sachs* v. *Kretz*, 72 N. Y., 548.) This testimony, then, was admissible. Was it material? It tended to show that shortly before making the assignment the assignors were worth more than $100,000 above their debts. It must be observed that this is not the case of debtors obtaining credit by false representations of solvency, and thereafter making an assignment. (*Tim* v. *Smith*, 13 Abb. N. C., 31.) It is a question whether evidence that the assignors were and knew themselves to be largely solvent is material on the question of fraudulent intent. We think it is. An assignor, believing that he was worth $100,000

above his debts, would not be likely to make a general assignment with an honest intent. We will not say that a solvent debtor may not honestly make a general assignment. But we think that proof of the debtor's solvency, known to himself, might be some evidence on the question of his intent in making the assignment. The plaintiff also offered evidence of statements of solvency made by the assignors in May, 1886, to Burt & Co., with a view of making a purchase, which was actually made ; Burt & Co. being creditors of the assignors placed in the third-class. This was excluded and an exception was taken. This evidence also was admissible and material against the assignors.

The question, then, remains, was the evidence above referred to admissible against the assignee. The affirmative is laid down in *Loos* v. *Wilkinson (ut supra,* 211). So it is practically held in *Van Sachs* v. *Kretz and others* (72 N. Y., 548, 554, 555). It is there pointed out that a general assignment for creditors is not a purchase for value ; that this relation between a bankrupt and his assignee creates an identity of interest between them which makes his (*i. e.,* the bankrupts') declarations evidence against his assignee. In *Coyne* v. *Weaver* (84 N. Y., 386, 392) the court, speaking of declarations of an assignor, says, that they were inadmissible because made after the assignment and delivery of possession under it ; thus by implication stating that they would have been admissible if made before.

The question as to the admissibility of statements made by the prior owner of property against a subsequent owner has generally arisen in litigations as to the value or validity of the transferred property. Thus in *Paige* v. *Cagwin* (7 Hill, 361) the statement affected the validity of the note. So in *Brisbane* v. *Pratt* (4 Den., 63). In the present case the statements are offered, not to affect the value or validity of property transferred, but to affect the validity of the transfer. But we think that the same rule must apply, and that it is applied in *Loos* v. *Wilkinson (ut supra).* The general assignee for the benefit of creditors is but the instrument through which the assignor attempts to dispose of his property. If the assignor had avowed his intention to defraud his creditors by making an assignment, we see no reason why such avowal should not be evidence of his fraudulent intent even against the assignee.

The case of *Bullis* v. *Montgomery* (50 N. Y., 352), cited by defendant, does not apply. The statements held incompetent were made by the assignor before he purchased the assigned property, and not even while purchasing it. They were intended to prove fraud in the purchase, not in the subsequent assignment.

The assignment, after payment of expenses, provided for the payment of debts, not specifying the amount, to certain persons named in the second item, among them to Thornton Kinney. The schedule named the amount owing Kinney as $750. The plaintiff asked the court to charge that the assignment was fraudulent, because this was an individual debt of Merrill's. The court refused. As to a part, viz., $400, of this amount, the testimony is not very clear. According to Merrill's testimony at one place, he says that Kinney wanted some money "I owed him;" that he, Merrill, took this amount, $400, from the firm; did not pay it to Kinney; did charge himself with it, and did credit Kinney with the amount on the books of the firm. Of course, if Merrill credited Kinney on the books of the firm with $400, which he personally owed Kinney, the entry was false, and was either a blunder or a fraud. The firm did not owe Kinney $400, which Merrill had taken from the firm and put into his own pocket. There appears, however, to have been some indebtedness of the firm to Kinney, and, we think, it was not error to refuse this request to charge.

The plaintiff, on cross-examination of Merrill, offered in evidence Merrill's sworn statement that this $750 was money which Kinney had deposited with Merrill, and which Merrill had loaned to the firm. This was objected to as incompetent and inadmissible. This was apparently upon the ground that the witness had not been interrogated on this trial whether that was the fact, and, therefore, that it could not be used to contradict him, and was mere declaration. Perhaps Merrill had not, on this trial, expressly stated that the $750 was a debt owing by the firm, and, therefore, contradictory statements made previously would not have been admissible merely as impeaching the credibility of the witness. But the statements of a party can always be given in evidence against him, whether he is a witness or not. It is not necessary to examine him previously as to whether he has made such statements. On the principle heretofore stated, these statements of Merrill were primary evidence

against him. The statement was made after the assignment, and hence was not evidence against the assignee.

About January, 1879, Alice Fay died in Vermont. On a petition of the heirs (so expressed), four in number, stating that Merrill was the oldest male heir, he was appointed administrator. As such administrator he loaned to this firm over $5,000, which sum was preferred in the first class. The plaintiff claims that this was a provision for the assignor's benefit, and hence the assignment was fraudulent. One answer to this is that there is no proof what interest, if any, Merrill had in the Fay estate at the time of the assignment. There is no evidence on that subject, except what is above stated. What interest, if any, the oldest male heir has in personal property under the laws of Vermont, we do not know. Merrill may have long before parted with any interest which he had. The Vanderspeigle estate seems to have been given to Merrill in trust for one Vanderspeigle. That estate was preferred in the assignment to the extent of about $3,000. In this instance we do not see that Merrill had any personal interest.

The question was asked by defendants of McDonnell, the assignee, whether he had any intent to hinder, delay and defraud, etc. This was objected to by plaintiffs as incompetent, but was allowed. His intent was not material, as he was not a purchaser for value. (*Talcott* v. *Hess*, 31 Hun, 282; *Loos* v. *Wilkinson*, *ut supra*, 209.) No charge was made in the complaint that he had any fraudulent intent.

Gordon, a member of the firm of Burt & Co., who were in the third class, was a witness for plaintiff. The court charged, at defendant's request, that if the assigned property was not more than enough to pay the first and second classes, Gordon had an interest in plaintiff's success. The plaintiffs excepted. Burt & Co. were not attaching creditors in the action. The action was not brought for the benefit of all who might join. The relief asked was that the assignment might be declared void as to the creditors in whose behalf it was instituted. Therefore, we do not see how Gordon had any interest in plaintiff's success. This part of the charge may have prejudiced the jury.

There are some other points which it is unnecessary to discuss. Nor do we think it best to say anything as to the merits of the case.

We might improperly influence a jury under a second trial. We, therefore, confine ourselves to pointing out some errors which, we think, were committed.

Judgment and order reversed, new trial granted, costs to abide event.

LANDON, J., concurred; INGALLS, J., taking no part.

Judgment and order reversed, new trial granted, costs to abide event.