## LARRISON *v.* PAYNE *et al.*

(*Supreme Court, General Term, Fourth Department.* April 1, 1889.)

1. SALE—WARRANTY—EVIDENCE.
    Where the issue is as to whether the spark-arrester of an engine sold to plaintiff by defendant fulfills a warranty, evidence of the kind of spark-arresters used on

other engines with which the engine sold had been compared by plaintiff on a trial, and that such spark-arrester was like that of other engines used for the same purpose, is admissible.

2. SAME.
   Evidence of experiments conducted by the defendant in the absence of the plaintiff, shortly before the trial by plaintiff, was admissible, where the defendant was not present at the latter trial.

3. EVIDENCE—ADMISSIONS.
   The statements of a party as to any fact in issue are admissible as primary evidence against him.

4. TRIAL—OBJECTIONS TO EVIDENCE.
   Where a question is objected to solely on the ground that the witness is not shown to be an expert, and no motion is made to strike out the answer, it cannot be objected on appeal that the witness stated merely his conclusion, nor that the answer was not responsive.

Appeal from judgment on report of referee, Chemung county.

Action by William S. Larrison against Benjamin N. Payne and others. Judgment was given for plaintiff, and defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

E. F. Babcock, for appellants.    H. H. Rockwell, for respondent.

MARTIN, J.    This action was to recover $500 paid on a contract for the purchase of an engine and boiler.    On the trial the referee found that the plaintiff ordered a portable engine and boiler of the defendants, to be manufactured by them for the plaintiff for the price of $500, which was paid by him; that the defendants warranted it, and agreed that if it did not fulfill the warranty it might be returned, and the money paid therefor should be refunded; that the engine was not as warranted; that it was returned; and he held that the plaintiff was entitled to recover the sum paid.    There seems to be evidence which tends to support these findings, but the more serious questions arise from the rulings as to the admission and rejection of evidence. On the trial the witness Rightmire was asked the following question: "From your observation of this engine, are you able to state whether or not it was a safe machine to have around a farm barn for the purpose of threshing?    Answer 'yes' or 'no.'"    This was objected to by the defendants on the sole ground "that the witness is not shown to be an expert."    Upon this objection being interposed, the referee said: "I don't think it calls for the opinion of an expert.    I will receive it."    To this the defendants excepted, and the witness answered: "Not in my judgment; no, sir.    I think it isn't."    No motion was made to strike out the answer of the witness.    The defendants now claim "the plaintiff had no right to prove the conclusion of the witness as to the character of the engine for safety or danger."    The difficulty with this contention is that there is no objection or exception which raises that question.    It will be observed that the objection was not directed to the competency or admissibility of the evidence, but to the qualification of the witness.    The question was directed solely to the ability of the witness to state a certain fact, and did not call for the fact itself.    But it may be said that the answer was improper.    If we admit this, and that it was not responsive to the question, still, as there was no objection to the answer or motion to strike it out, it cannot be objected to on review.    Crippen v. Morss, 49 N. Y. 63. We do not think this exception well taken.

One of the particulars in which the referee found that the engine did not comply with the warranty was that the spark-arrester was too small.    Hence the question of its sufficiency was one of the questions at issue.    The defendants offered to prove that if the spark-arrester was in good condition it would arrest sparks as well as any spark-arrester upon any engine used for farm or agricultural purposes,—the purposes for which the engine in question was purchased and designed.    This evidence was excluded by the referee as incompetent and improper.    The defendants also sought to prove the kind of spark-arresters

used on the Westinghouse and Masillon engines, with which the plaintiff compared the engine sold on a trial to determine if it fulfilled the defendants' warranty. This evidence was excluded as incompetent and immaterial. We do not see how these rulings can be sustained. We think the evidence was clearly admissible, as bearing upon the question of the sufficiency of the spark-arrester, and upon its sufficiency, as compared with those engines used on the comparative trial had to determine the merits of the engine sold. The defendants also sought to show the operation of the engine in question, after it was repaired and before it was retaken by the plaintiff, in regard to throwing sparks, and this was excluded on the ground that it was incompetent and immaterial, and not in the presence of the plaintiff. This, we think, was error. The defendants, not having been present at the trial of the engine, must have had a right to show its condition as to throwing sparks immediately before it was taken by the plaintiff, and shortly before such trial was had. The defendants also sought to prove by the witnessses Ribble and Squires the admissions of the plaintiff in defendants' favor as to the engine in question. This evidence was excluded, and the defendants were only permitted to prove the admissions of the plaintiff for the purpose of contradicting him as a witness. In other words, the defendants were only allowed to prove the admissions of a party for the purpose of affecting his credibility as a witness. That the statements of a party as to any fact in issue, or a statement which is relevant to any issue, is admissible as primary evidence against the person by whom it is made, is one of the elementary principles of the law of evidence, and so well settled that no authorities need be cited. We cannot say that the defendants were uninjured by the exclusion of this evidence, and it therefore follows that the judgment must be reversed. Judgment reversed on the exceptions, and a new trial ordered, before another referee, with costs to abide the event. All concur.