BOEHM *v.* MILLER *et al.*

(*Common Pleas of New York City and County, General Term.*   March 7, 1892.)

DECEIT—SALE OF GOODS—EVIDENCE.

   In an action against a person to recover money obtained by deceit in the sale of goods, wherein it appeared that defendant had no other interest in the goods than a chattel mortgage thereon to secure a debt, and that he had informed plaintiff of the seller's unreliability, and that plaintiff had acknowledged defendant's straightforward conduct in the matter, a judgment for plaintiff should be reversed.

Appeal from eleventh district court.

Action by Isaac Boehm against Edward Miller and another.   From a judgment for plaintiff, defendant Miller appeals.   Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*George W. McAdam*, for appellant.   *William Arrowsmith*, for respondent.

BOOKSTAVER, J.   This action was brought by the plaintiff against the defendant Miller, impleaded with one John H. Lawrence, to recover money obtained by fraud and deceit.   It is elementary that in such an action, before there can be a recovery, there must be some proof of fraud; and in this case there must be proof of some fraudulent act or representation on the part of

the defendant Miller. The respondent seeks to justify the judgment on the ground that Lawrence, who made the false representations in regard to the contents of a liquor store and the amount of money to become due upon a patent register, was the agent of Miller, and, as Miller profited by the representations, he should be compelled to refund the money received. But, from an examination of the testimony, we do not think that Lawrence was Miller's agent. We think the bill of sale of the liquor store given by Lawrence to Miller was, under the circumstances, intended to be only a chattel mortgage to secure Miller's advances to Lawrence, and so regarded by the parties thereto, and, as such, was filed in the register's office. They therefore stood in the relation of mortgagor and mortgagee to each other, and each was responsible for his own representations only. Plaintiff admits that Miller informed him that he was not the owner of the premises; that Lawrence was; and that he (Lawrence) paid all the debts, bought all the goods, and kept the money; and that Miller had no interest in it, other than the bill of sale or chattel mortgage given to secure his note. After the first conversation between the parties, agreeing to the purchase of the place by the plaintiff, Miller informed him that some of the representations made by Lawrence were untrue, and that what he thought was whisky was in reality nothing but water, and told plaintiff that, before completing the purchase, he had better examine all the stock, and go down and examine the records. After this, further negotiations took place between the parties, and a deduction of $125 from the purchase price was made on account of the representations made by Lawrence at the first interview; and thereupon the defendant Miller asked the plaintiff whether or not he was satisfied with the deduction, and he said he was; adding, "You treated me like a man right through, and fair and square; you acted upright with me in all things;" whereupon Miller inquired of him whether he had been down to examine the records, and he said he had not, and added, "I will take it for granted," that is, take the representations in regard to the register for granted. Under such a state of facts, we think the court below erred in rendering a judgment in favor of the plaintiff, under the pleadings in this action. As far as the record shows, there was no attempt made on the part of the plaintiff to change his cause of action from a tort to one for money had and received under a mutual mistake of the parties. We are not now called upon to determine whether such an amendment to the pleadings could be had or not, under the wide latitude given to amendment in district court cases; but, if pleadings are to be of any value whatever, they must apprise the party of the nature of the claim made against him, and a recovery cannot be had for money had and received in an action founded on fraud. We therefore think this judgment should be reversed, and a new trial ordered, with costs to the appellant.