## MEYER *v.* CAMPBELL.

*(Common Pleas of New York City and County, General Term.　November 7, 1892.)*

1. WITNESS—IMPEACHMENT.

The original complaint in an action on a promissory note alleged that the note was duly protested. An amended complaint alleged that protest was omitted at defendant's request. On the trial, plaintiff testified in substantiation of the allegation of the amended complaint, and, when defendant asked him why he had said nothing in the original complaint about the note not having been protested, he replied that he did not know. Defendant then offered the original complaint in evidence, and it was excluded on the ground that the contradictory statement was admitted. *Held*, that plaintiff's answer did not contain the admission, because he was not interrogated as to a statement he had made, but as to one he had omitted to make; and, the witness being a party to the action, it was not necessary to call his attention to the contradictory statement before introducing it in evidence; and the original complaint, being a declaration against interest, should have been admitted.

2. DEPOSITION DE BENE ESSE—DECLARATION AGAINST INTEREST.

Plaintiff's deposition *de bene esse*, which was at variance with his complaint, was competent evidence as a declaration against interest.

Appeal from city court, general term.

Action by William Meyer against Hugh Campbell to recover on a promissory note. A judgment for plaintiff was affirmed by the general term of the city court, and defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Edward C. Perkins,* for appellant. *Gruber & Landon, (Henry L. Landon,* of counsel,) for respondent.

BISCHOFF, J. This appeal being from the judgment, and there having been no motion for nonsuit, for the direction of a verdict, or for a new trial, it is beyond our province to inquire into the weight or the sufficiency of the evidence. *Schwinger* v. *Raymond,* 105 N. Y. 648, 11 N. E. Rep. 952; *Smith* v. *Pryor,* (Com. Pl. N. Y.) 9 N. Y. Supp. 636. Two exceptions to the exclusion of evidence on the trial, however, present error for which the judgment must be reversed. The original complaint alleged that the note in suit was duly protested for nonpayment at maturity, while the amended complaint alleged that protest was excused, because defendant requested that it be omitted. On the trial, plaintiff testified in substantiation of the last-mentioned allegation, and on cross-examination defendant's counsel asked him, "Why did you say nothing in this original complaint about the note not having been protested because you were asked not to protest it?" to which plaintiff replied that he did not know; that at the time of the original complaint he had forgotten the request that it should not be protested, and was under the impression that it had been. Thereupon counsel for defendant offered the original complaint in evidence, apparently for the purpose of discrediting the witness' testimony that the note was not protested because defendant so requested. This was objected to by plaintiff's counsel on the ground that the fact of the contradictory statement was admitted, and the court excluded the paper as immaterial and incompetent. Reference to the question and answer will show that plaintiff's counsel was in error in assuming that plaintiff had admitted the fact of having previously sworn that the note was protested at maturity. He was not interrogated concerning a statement made, but concerning one he omitted to make; and his answer did not, therefore, involve the admission claimed for it. The rule which makes it incumbent upon the cross-examining counsel first to direct the witness' attention with reasonable precision to, and to interrogate him respecting, an alleged contradictory statement, before the latter may be given in evidence,—*Crane* v. *Hardman,* 4 E. D. Smith, 448; *Everson* v. *Carpenter,* 17 Wend. 419; *Root* v. *Brown,* 4 Hun, 799; Rice, Ev. p. 622,—does not apply to parties to the action,—*Kennedy* v. *Wood,* (Sup.) 4 N. Y. Supp. 758; *Boehm* v. *Miller,*

(Com. Pl. N. Y.) 18 N. Y. Supp. 137,—and, as to them, the alleged contradictory statement is admissible as a declaration against interest,—*Cook* v. *Warren,* 44 N. Y. 156; *Williams* v. *Sargeant,* 46 N. Y. 481,—and that though the statement be part of a pleading which has been superseded by service of an amended one,—*Kennedy* v. *Wood,* (Sup.) 4 N. Y. Supp. 758; *Frearson* v. *Loe,* 25 Moak, Eng. R. 747, 763, notes; *Strong* v. *Dwight,* 11 Abb. Pr. (N. S.) 319; *Fogg* v. *Edwards,* 20 Hun, 90. Defendant's counsel also offered in evidence plaintiff's deposition, taken *de bene esse,* which is at variance with the allegations of the amended complaint, that protest was omitted at the request of defendant, Campbell, and from which it appeared that the omission of protest was induced by the request of Stott, the maker of the note. This also was excluded, under objection and exception by defendant's counsel. The deposition was, as a matter of course, not competent in plaintiff's favor, since he was present on the trial; but the same principle which rendered the allegations of the original complaint competent evidence for defendant as declarations made by plaintiff at variance with his claim on the trial applied to the deposition, and its exclusion was therefore error. The judgment must be reversed, and a new trial ordered, with costs to abide the event. All concur.