### FISHER v. MONROE et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. EVIDENCE AT FORMER TRIAL.

Evidence of a party to an action on a former trial, so far as it relates to the questions at issue, is admissible to prove admissions made by her, and it is not essential that her attention be first called to what she testified to on the former trial.

2. SAME.

The exclusion of such evidence is error, and the fact that portions of it are afterwards admitted in rebuttal in order to impeach the witness does not cure the error.

[1] 18 N. E. Rep. 643.

**8.** EXPERT EVIDENCE—HYPOTHETICAL QUESTIONS.

Testimony of experts as to a hypothetical question should be excluded where such question does not fully and fairly state all the facts proved in the case bearing on the issue to be determined.

**4.** CONTRACT OF EMPLOYMENT—NOTICE OF TERMINATION—DAMAGES.

Where a contract for employment expressly provides that it may be terminated by either party thereto by giving two weeks' notice, the damages to which the employe is entitled for a discharge without such notice is the amount of the salary for two weeks.

Appeal from city court, general term.

Action by Jennie Fisher against Robert P. Monroe and others to recover damages for an alleged wrongful breach of contract. From an order of the general term of the city court affirming a judgment entered upon a verdict in favor of plaintiff, (20 N. Y. Supp. 664,) defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Wilson W. Hoover and William Sulzer, for appellants.

Seaman Miller, for respondent.

BOOKSTAVER, J. This is the second appeal to this court, (12 N. Y. Supp. 273,) and it is unnecessary to state the facts further than will be needed to understand the questions raised on this appeal. The action was for damages sustained by the plaintiff, an actress, by reason of her alleged wrongful discharge by the defendants, who were theatrical managers and proprietors, before the end of the season specified in the contract between them. The chief ground of the reversal on the former appeal was that the contract would not necessarily be terminated by a mere temporary disability of the plaintiff, but that, as no sufficient excuse for her nonattendance at the rehearsal had been shown, a verdict in her favor could not be sustained; consequently the chief contention on the second trial centered around this question. In aid of their contention the defendants' counsel offered plaintiff's cross-examination on a previous trial in evidence, to prove admissions by her as to whether or not she was ill or merely tired out, and also to prove her admissions as to her duties as an actress upon rehearsals. The court excluded the evidence unless the attention of the witness was first called to what she had testified to on the former trial. The defendants' counsel thereupon stated to the court that it was not for the purpose of impeaching the witness, but to prove admissions made by her. Still the court would not allow him to do so, and defendants' counsel excepted. It is well settled that an admission made at one stage of an action binds the parties at all subsequent stages as primary evidence. Larrison v. Payne, (Sup.) 5 N. Y. Supp. 221; Scofield v. Spaulding, 54 Hun, 523, 7 N. Y. Supp. 927; Tooker v. Gormer, 2 Hilt. 71. The rule which makes it incumbent upon the cross-examining counsel first to direct the witness' attention with reasonable precision to, and interrogate him respecting, an alleged contradictory statement, before the latter may be given in evidence, (Crane v. Hardman, 4 E. D. Smith, 448; Everson v. Carpenter, 17 Wend. 419; Root v. Brown, 4 Hun, 797,) does not apply to parties to the action, (Kennedy v. Wood,) 52 Hun, 46, 4 N. Y. Supp. 758;

Boehm v. Miller, [Com. Pl. N. Y.] 18 N. Y. Supp. 137;) and as to them the alleged contradictory statement is admissible as a declaration against interest, (Cook v. Barr, 44 N. Y. 156; Williams v. Sargeant, 46 N. Y. 481.) And in Meyer v. Campbell, (Com. Pl. N. Y.) 20 N. Y. Supp. 705, we held that, though the statement be a part of a pleading which has been superseded by the service of an amended one, it could still be given in evidence. And in the same case we held that the defendant had the right to offer, and it was error to exclude, plaintiff's deposition taken de bene esse, which was at variance with the allegations of the amended complaint, although that deposition was not competent in plaintiff's favor, since he was present at the trial, but on the ground that it was a declaration against his interest. It was therefore error to exclude the cross-examination of the plaintiff on the former trial as far as that related to the questions at issue on this trial. Nor was this error cured by afterwards admitting portions of it in rebuttal in order to impeach the witness, as it must be apparent that the force of the evidence was greatly weakened by the cross-examination imposed on defendants as a preliminary, and the jury might well have been misled as to its weight and effect in consequence, for such a course is very likely to prejudice the minds of a jury, especially in the case of a lady, on account of the necessarily unpleasant position in which the party is placed thereby, and the apparent harshness of such a course. Besides, the admission was not as broad as the former offer of the defendants.

We also think it was error to admit the testimony of plaintiff's experts against defendants' objection to the hypothetical question, as, in our judgment, that question did not fully and fairly state all the facts which had been proved in the case bearing upon the issues to be determined. When this case was before us on the former appeal defendants were not in a position to raise the question as to the extent of the damages recoverable in this action, because that had not been sufficiently raised in the court below upon the former trial. But it was distinctly raised on this by defendants' fifth request to charge, which was: "If you find for the plaintiff, then she shall be entitled to recover only for two weeks' salary, with interest, less any amount she may have received for services rendered." This was declined by the court, and defendants excepted. The contract expressly provided that either party should be at liberty to cancel the agreement by giving two weeks' notice to the other, and in this respect follows the custom in hiring servants. Sedgwick on Damages lays down the doctrine that notice in such cases was provided in order to allow for liquidated damages. If plaintiff had been paid two weeks' wages in advance when discharged, she would have had no cause of action. And it is difficult to conceive of a more peremptory notice than the one given the plaintiff. This very question came up for consideration in the city court in the case of Peverly v. Poole, 19 Abb. N. C. 271, note, cited and approved in Parry v. Opera Co., 19 Abb. N. C. 270, where the court, in delivering the opinion, said:

"The only injury which plaintiff could suffer by reason of not receiving the two-weeks notice provided by the contract would be the amount of the salary for two weeks, and this amount was allowed by the trial court."

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event.

PRYOR, J. I concur in the result, but without committing myself to the rule of damages propounded in the prevailing opinion.

BISCHOFF, J., concurs.