(7 Misc. Rep. 636.)

### WATSON v. RUSSELL.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. MEASURE OF DAMAGES—BREACH OF CONTRACT.
     A sum stipulated in a contract as the price of the privilege of canceling it is not the measure of damages upon a breach of the contract.

2. SAME—CONTRACT OF EMPLOYMENT.
     Where a contract of employment provides that the employe may be discharged on giving him a week's notice and paying him two weeks' salary, a refusal to accept his tender of service at the time of performance is a breach of the contract; and for such breach, without the notice and payment of the two weeks' salary, the measure of damages is not the sum agreed to be paid on the cancellation of the contract, but is the amount of his salary for the entire term of employment, less what he has earned or might have earned otherwise. Bookstaver, J., dissenting.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Alice Watson against John H. Russell to recover damages for breach of contract of employment. From a judgment of the city court (25 N. Y. Supp. 517) affirming a judgment entered on a verdict in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Henry Thompson, for appellant.

Thomas Fenton Taylor, for respondent.

PRYOR, J.   Whatever the form of the complaint, the action is
for damages for breach of a contract of employment.   Howard v.
Daly, 61 N. Y. 362.   A repudiation of an agreement before or at
the time of performance constitutes a breach of it sufficient to sus-
tain an action.   Bunge v. Koop, 48 N. Y. 225; Frost v. Knight, L.
R. 7 Exch. 111.   The judgment below is conclusive as to the con-
tract and the breach, and the only question we are to solve is, what
was the measure of damages?   We are unable to distinguish the case
in principle from Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. Supp.
995.   The circumstance that there the plaintiff had entered on
performance, while here the plaintiff was forbidden performance,
is surely insignificant, since in either case the action proceeds on
the contract, and, in the absence of an agreed compensation for the
breach of it, the law adjudged the rule of damages.   Howard v.
Daly, supra.   The contention of the appellant is that his contract
stipulates the measure of damages for its breach, and restricts the
recovery to the amount of two weeks' salary.   It reads:

"It is further agreed that the said John H. Russell may cancel this contract
at any time on giving the party of the second part one week's notice and pay-
ing one week's additional salary; and in consideration of such additional
week's salary the party of the second part agrees to accept one week's notice
of cancellation at any time."

Is the case within the terms or intent of this stipulation?   Indis-
putably not.   A breach of a contract is not a cancellation of a con-
tract; one party breaks it, both parties cancel it.   Here the condi-
tion of cancellation is one week's notice and payment of two weeks'
salary.   But no notice was ever given by the defendant, and no
notice ever accepted by the plaintiff.   So clearly the contrary that
the defendant, both in his complaint and at the trial, stood solely
upon the ground that he had never made the contract with the
plaintiff.   How, then, can he avail himself of a provision in an
agreement which he disclaims, and the obligations of which he dis-
avows?   But it is said the law fastens the contract upon him.
True enough; but the contract to which the law holds him is the
contract which he made, and that authorizes him to cancel it only
on notice and payment of the partial salary to the plaintiff.   Since
he never gave, and she never accepted, the one week's notice; since
he never paid, and she never received, the two weeks' salary,—there
could be, and there has been, no cancellation of the contract.   The
one week's notice and payment of the two weeks' salary were, we
repeat, the stipulated condition of defendant's exoneration from fur-
ther liability under the contract; and, defaulting in that, he is
bound by the contract in all its obligations; one of which is, upon
its breach, to pay plaintiff what performance of the contract would
have been worth to her, i e. the salary for the entire term of em-
ployment, less what she did earn or might have earned otherwise.
Howard v. Daly, supra.   In short. payment of the two weeks' sal-
ary was the price of the privilege of canceling the contract, not the
stipulated compensation for its wrongful breach.   There being no

escape from this conclusion, the position is assumed that, after his breach of the contract by refusing the employment he promised, the defendant might still have given plaintiff the stipulated notice, and have paid her the stipulated two weeks' salary, and so might have reduced the amount of recovery against him. It is an all-sufficient answer to the argument that, in fact, the defendant did not give the notice, and has not paid the salary, and so has not limited the recovery pursuant to the provision of the contract. The law of one case is not affected by the law of another and totally dissimilar case. The relations of a party to a contract which he has fulfilled are not identical with his relations to a contract which he has violated. Had the defendant taken the plaintiff into his employment, as he agreed, he might have discharged her on a week's notice with payment of two weeks' salary, as she agreed; but he refused to accept her offer of service; and so, by his own wrong, he lost the right to give the notice and reduce the recovery. Furthermore, to this moment the defendant has neither paid nor tendered the two weeks' salary, payment of which was the prerequisite to his right to cancel the contract, and yet he asserts a privilege and an immunity which he could only claim upon a rescission of the contract in conformity with its conditions. But, be the reason and justice of the case as it may, it is answered that the law is settled otherwise by authoritative adjudication. In England, doubtless; but upon a principle peculiar to the domestic and social economy of that country. Gordon v. Potter, 1 Fost. & F. 644; Robinson v. Hindman, 3 Esp. 235; Fewings v. Tisdal, 1 Exch. 295. Neither Peverly v. Poole, 19 Abb. N. C. 270, nor Parry v. Opera Co., Id. 271, touches the question in dispute; and no other American adjudication is cited for the appellant, except Fisher v. Monroe, supra. If the point ruled in that case had been necessary to the determination, it would be conclusive of the question before us. But the reversal of the judgment, as stated in the opinion, was unavoidable for errors in the exclusion and admission of evidence, and hence the decision has not the effect of stare decisis. On reconsideration of the point involved, our conclusion is that the law is with the respondent. Judgment affirmed, with costs.

BISCHOFF, J., concurs.

BOOKSTAVER, J. I cannot concur, as I believe the true rule in such case is laid down in Fisher v. Monroe, 2 Misc. Rep. 326; 21 N. Y. Supp. 995.