(9 Misc. Rep. 161.)

BOYD v. BOYD.

(Common Pleas of New York City and County, General Term. June 4. 1894.)

1. Payment—Presumption—Lapse of Time.
    No lapse of time, short of 20 years, since the rendition of a judgment, raises a presumption of its payment.
2. Same—Concurring Circumstances.
    A lapse of less time, in connection with other circumstances, may authorize the jury to find the fact of payment.
3. Same—Pecuniary Condition of Debtor.
    The wealth of the debtor, alone, is no evidence of payment, but in connection with lapse of time, and other circumstances, may be sufficient proof of payment.
4. Same—Rebuttal of Presumption.
    In rebuttal of the presumption of payment from lapse of time, and other circumstances, evidence of the poverty of the debtor is admissible.
5. Evidence—Admissions—Statements out of Court.
    A party's statement out of court, relevant to the issues, is original evidence as an admission, and may be proved without previous interrogation of the witness.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by David Boyd, as administrator, against Robert Boyd, on a judgment. From a judgment of the city court (27 N. Y. Supp. 942) affirming a judgment entered on a verdict in favor of defendant, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edward W. S. Johnston, for appellant.
August Kohn, for respondent.

PRYOR, J. The action is on a judgment, and the defense is payment. The summons was not served till the lapse of more than 19 years since the rendition of the judgment. Proof of actual payment was attempted, but the effort was scarcely a success. The fact depended upon the testimony of a solitary witness; and, besides the inherent infirmity of his evidence, it was discredited by at least one instance of deliberate false swearing. Then, too, the checks with which it is pretended the intestate's judgment was paid had been the subject of a suit against another man, in which the defendant, prosecuting that action, swore they represented loans he had made to that man. How loans to David Boyd could operate as payment of Samuel Boyd's judgment passes comprehension. The defense of actual payment, if not a total collapse, was, to say the least, sustained by evidence of an inconclusive character. In aid of it, the length of time since recovery of

the judgment, and the wealth of the defendant, were adduced to raise an inference of payment. Neither pecuniary ability, nor the lapse of less than 20 years, creates a presumption of payment; Daby v. Ericsson, 45 N. Y. 786. But lapse of time, in conjunction with ability to pay, and other circumstances, may authorize the jury to find the fact of payment. Bean v. Tonnele, 94 N. Y. 381; Macaulay v. Palmer, 125 N. Y. 742, 744, 26 N. E. 912. The inference, however, is not irrebuttable; and "the indigent circumstances of a debtor, his hopeless insolvency, and inability to pay his debts, are properly admissible in evidence for the purpose of repelling the presumption of payment or satisfaction of the judgment arising from lapse of time." Bank v. Leonard, 4 Har. (Del.) 536; McLellan v. Crofton, 6 Me. 307–334. So, the return of an execution nulla bona is a circumstance repelling the presumption of payment of a judgment. Black v. Carpenter, 3 Baxt. 350.

To intercept the inference of payment from the wealth of the defendant, and the time elapsed since the judgment, the plaintiff proposed to prove admissions of poverty by the defendant in a supplementary proceeding, but the offer was rejected by the court. The ground of exclusion was the supposed immateriality of the evidence. But how can evidence be immaterial which is of efficacy to disprove a defense? The payments alleged by the defendant were at different times between September, 1878, and March, 1883. The order for the examination of the defendant was of date 16th May, 1879. The order proceeded, of course, upon a judgment, execution, and return of nulla bona. The examination of the defendant extended from 16th May, 1882, to 6th June, 1883, during which period he avowed himself to be utterly destitute of the means of paying his debts. Thus, at the very time he pretends to have satisfied plaintiff's judgment, the defendant confessed his absolute indigence. The evidence, therefore, was material, in a threefold aspect: First, in rebuttal of the presumption of payment from lapse of time; second, in disproof of the fact of an actual payment; and, third, in answer to defendant's evidence of his opulence.

On the argument the defendant sought to sustain the ruling of the court upon other grounds, but this he may not do. He must stand or fall by the particular objection presented on the trial. Mead v. Shea, 92 N. Y. 122; Marston v. Gould, 69 N. Y. 220; Cary v. White, 59 N. Y. 336. Looking, nevertheless, at the points of objection now urged against the proffered evidence, we find them untenable. The examination of defendant in the supplementary proceeding was not tendered, as assumed by the court below, to impeach the witness by proof of contradictory statements, but as the admission of a party. As such, although unsworn, it was original evidence of unquestionable competency; and as such it was admissible without previous interrogation of the witness. Cook v. Barr, 44 N. Y. 156; Wright v. Nostrand, 94 N. Y. 31; Kennedy v. Wood, 52 Hun, 47, 4 N. Y. Supp. 758; Larrison v. Payne (Sup.) 5 N. Y. Supp. 221; Meyer v. Campbell, 1 Misc. Rep. 283, 20 N. Y. Supp. 705. The error in the exclusion of the evidence is so radical as of itself to compel a reversal of the judgment; and we are dis-

pensed, therefore, from the consideration of other points argued with apparent effect by the appellant. Judgment reversed, and new trial ordered; costs to abide the event. All concur