(11 Misc. Rep. 324.)

MAYOR, ETC., OF CITY OF NEW YORK 'v. ROLLER.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

WITNESS—IMPEACHMENT—COLLATERAL MATTER.

In an action to recover penalty from defendant for practicing medicine without registration as required by law, where it was admitted that defendant was not a registered physician, defendant's testimony on cross-examination that he had never practiced medicine relates, not to a collateral matter, but to a material issue, and therefore plaintiff may contradict it.

Appeal from Sixth district court.

Action by the mayor, etc., of the city of New York, against Emil Roller, to recover a penalty. From a judgment in favor of defendant, rendered by the justice without a jury, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Robert C. Taylor, for appellant.
Joseph I. Green, for respondent.

BISCHOFF, J. This action was brought to recover a penalty alleged to have been incurred by defendant under section 153 of chapter 661 of the laws of 1893, whereby an individual who practices medicine without registration and qualification as required is made liable to the penalty of $50 for each such offense, the amount to be recovered by a duly-constituted medical society of the county in an action brought in the name of the county. The ground of this appeal is that certain evidence was erroneously excluded when offered by the plaintiff in rebuttal. The plaintiff established a prima facie case against the defendant under the statute, and a motion to dismiss the complaint was made when plaintiff rested, and was properly denied. Defendant was sworn as a witness in his own behalf, and upon cross-examination testified, substantially, that he had never practiced medicine, in answer to categorical questions asked by plaintiff's counsel. In rebuttal, the plaintiff called one Hahn, a former clerk of the defendant, and his testimony, in contradiction of the defendant's statements referred to, was sought to be elicited, but was excluded, under exception, upon the ground that such testimony had reference merely to collateral matter brought out by the plaintiff.

The ruling was obviously erroneous. The fact that defendant was not a registered physician, as required by the statute, was admitted by the answer, and the sole point of the litigation necessarily was directed to the fact of his having actually practiced medicine. It would be difficult to conceive of a case to which an issue was more strictly material than was that upon which questions were here excluded as dealing with collateral matter. Citation of authority for the proposition that a party is not bound by the answers of a witness elicited upon cross-examination when the evidence so adduced is relevant to a material issue seems hardly called for, but reference may be had to Andrews v. Newton, 3 N. Y. Wkly. Dig. 507; Bok v. Vincent, 12 Abb. Prac. 137; Van Tassel v. Railroad Co., 1 Misc. Rep. 299, 20 N. Y. Supp. 708; Tayl. Ev. §§ 1438, 1439.

Judgment reversed, and new trial ordered, with costs to abide event. All concur.