### WYCKOFF v. LA GRANGE.

(Common Pleas of New York City and County, General Term.   April 1, 1895.)

ESTOPPEL—ADMISSIONS PROCURED BY FALSE REPRESENTATIONS.

   A person is not bound by an acknowledgment of an indebtedness, where the acknowledgment was induced by the false representations of the alleged creditor.

Appeal from Second district court.

Action by Jacob F. Wyckoff against Oscar H. La Grange. From a judgment rendered by the justice without a jury in favor of defendant, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

B. C. Chetwood, for appellant.

William Thorp, for respondent.

BISCHOFF, J. Plaintiff brought suit in the district court to recover $250, basing his claim upon an unpaid balance of $300 alleged to be due from defendant. The demand was founded upon a letter written by defendant to plaintiff, and relied upon variously by the latter as evidencing an account stated, acknowledgment of indebtedness, or promise to pay. Defendant interposed a counterclaim, founded upon the alleged true state of the account between the parties, and recovered $250, the full amount which the justice had jurisdiction to award. It appears from the evidence that the parties had had various transactions, extending over a considerable time, wherein plaintiff had procured loans for defendant, and was instrumental in furthering certain sales of land; and it is not contradicted that defendant trusted to the plaintiff's statement of the account between them, and relied upon the latter's representations in that regard; indeed, the plaintiff so testified himself. The facts relating to the immediate transaction in question were that defendant, contemplating a sale of certain land owned by him in California, sought through the plaintiff to secure a purchaser. Theretofore, he having asked plaintiff for information as to the state of the account between them, the latter stated that the sum of $600 was due him (plaintiff). Relying upon this representation, defendant wrote that he would pay plaintiff $600 from the proceeds of the contemplated sale, and, the sale having taken place, actually paid $300 upon a modification of the agreement, whereby the remaining $300 was to be paid in the form of promissory notes secured by a chattel mortgage. Thereafter defendant, believing, after investigation, that the plaintiff's statement of the account was false, refused to execute the notes and mortgage, and this action was brought.

The plaintiff's bill of particulars, furnished upon defendant's demand, disclosed an account wherein defendant was entitled to a credit of $466.95, but plaintiff sought to establish a credit in his own favor upon an agreement to pay him $50 a month for certain sums of money loaned in three amounts of $200, $250, and $250, respectively, the loans being noted in the account before the court. The sum claimed upon this agreement amounted to $500 for a 10-months loan. Upon the question whether this sum was intended to be paid as commissions for obtaining the loans or as interest thereon the facts were disputed by the parties, but upon the direct conflict between the testimony of plaintiff and defendant—the only witnesses examined upon this issue—the credit given by the justice to the latter's version concludes as to the fact, and the defense of usury was duly raised as to the answer. A recovery having been

denied the plaintiff upon this agreement; and properly, upon the facts, which the evidence supports, an indebtedness was shown in favor of the defendant much in excess of the sum awarded. Indeed, the record would sustain a finding that a further item of $500, upon a transaction involving the sale of defendant's land in Oregon, was due to defendant from plaintiff, and omitted from the account; and from the plaintiff's testimony it would appear that the same $500 debit, which was sought to be applied in extinguishment of defendant's apparent balance in account, was invoked in explanation of this omission. Upon elementary principles the defendant was not bound by his letter to the plaintiff acknowledging an indebtedness of $600, the acknowledgment having been induced through a reliance upon plaintiff's misrepresentations under the circumstances noted above, and the evidence is found amply sufficient to support the recovery below. As to the plaintiff's contention that he assumed obligations relying upon the defendant's letter in which this acknowledgment of indebtedness appeared, it need only be pointed out that his reliance upon a representation induced by his own misrepresentations is not a basis whereon to found an availing complaint.

From the record three exceptions appear to have been taken by the appellant. Two followed the admission of evidence offered by the excepting party, and we may assume that, if any error is thereby presented, it is that of counsel or of the stenographer in the court below. As to the third, it is clearly without weight. This was taken to the admission of defendant's testimony that at the time that the letter referred to above was written he was not indebted to the plaintiff in any sum. The ground of the objection was that by this testimony it was sought to contradict the plaintiff, who, when called as a witness on behalf of the defendant, had given testimony tending to establish an indebtedness. Waiving the fact that the plaintiff's testimony given to prove a balance in his favor has shown only the agreement to pay $500 upon the loans mentioned above, and that its usurious character was perhaps fairly inferable at that time, the question asked was in no way objectionable upon the ground stated, and upon which ground it must stand or fall (Boyd v. Boyd, 9 Misc. Rep. 161, 29 N. Y. Supp. 7), although as framed it might well be said to have called for a conclusion. The fact whether or not there was any sum due the plaintiff was the direct and material issue in the case, and the objection was, therefore, properly overruled. Andrews v. Newton, 3 N. Y. Wkly. Dig. 507; Mayor, etc., v. Roller (Com. Pl. N. Y.; Feb. 4, 1895; as yet officially unreported) 32 N. Y. Supp. 139. The judgment must be affirmed, with costs. All concur.