JOHN R. WEED, Appellant, *against* EDWIN C. BURT, Respondent.

(Decided June 4th, 1877.)

A judgment for the plaintiff in an action for salary for the month of January, 1871, under an allegation of a hiring for a year, from January 1st, 1871:—*Held*, not to estop the defendant, in a subsequent action for salary for months subsequent to January, 1871, from showing that the plaintiff had been discharged by him during the month of January, 1871, and had not thereafter rendered any services to the defendant, or made any tender of any.

Where a servant hired for a definite term has been wrongfully discharged, before the expiration of the term, he can not sue for wages for the period subsequent to his discharge, but his remedy is by an action for damages for breach of the contract of hiring.

APPEAL by the plaintiff from a judgment entered on the decision of Judge ROBINSON, after a trial before him without a jury.

The following opinion, which states fully the facts of the case, was filed by Judge ROBINSON with his decision: " Plaintiff was employed by the defendant as a clerk for one year, from January 1st, 1871, at an annual salary of $3,000, payable monthly, and this action is brought to recover his wages at that rate from May 1, 1871, to January 1, 1872, to wit: $2,000 less $600 he admits having earned elsewhere.

The complaint alleges that, in pursuance of such hiring, he entered upon the discharge of his duties, but makes no averment of having performed any services for the period in question, beyond alleging that " he was at the time of his employment then, and at all time since, ready and willing to perform the same " (his services as clerk).

The testimony shows he was discharged from such employment on the 20th of January, 1871 ; that he then claimed his engagement was for a year, and then said, " he would remain for the year," but he left, and thereafter never performed any services nor made any tender or offer of his services.

He rests his right of recovery of wages for the eight months in question, mainly upon the effect which he claims resulted from a judgment rendered in his favor before Justice Fowler of the Third Judicial District of this city, in an action instituted by him in February, 1871, wherein he claimed to recover on the said contract for his employment for a year, a balance of $70 50 of wages accruing for the month of January.

In that action he made a like allegation of his readiness and willingness to perform the services required by the agreement without averment of performance, and the defendant for answer denied the agreement and set up as a defense, that plaintiff continued in his employ from the 1st to the 20th of January under a different agreement for mere temporary employment.

The case was determined in plaintiff's favor without any specific finding, and he recovered judgment for $37 42. Justice Fowler testified he rendered judgment " for one month's wages, crediting the defendant, however, with pay-

ments and set-offs, no allowance being otherwise claimed or made for damages occasioned by plaintiff being illegally discharged.   The sole issue presented was, whether or not the alleged contract was for one year with a proportional amount of salary payable monthly.   No question was raised as to plaintiff's discharge during the month, or failure to perform services during the whole of that period."

Whatever, if any, error exists in that judgment, it established the agreement as contended for by the plaintiff, and that he had performed such services during the month of January as entitled him to recover wages for that month ; it did not, however, upon any latitude of construction, decide that plaintiff could recover wages for any subsequent month without the performance of any service, or that he could recover anything by way of wages, or as damages, without any tender of his service or offer of performance.   Mere readiness or willingness to perform a duty or obligation, for performance of which a party is to receive compensation, constitutes no meritorious right of recovery unless the other party, as a condition precedent, is required by law or contract to do some prior act, or has refused to carry out the contract on his part; and a tender of performance by a party claiming to recover as for a constructive performance is otherwise indispensable.

This is not an action to recover damages arising from an illegal discharge from employment, but for wages earned upon a mere averment of a supine or tacit readiness and willingness to perform, without notice thereof, and of a claim that the contract is still subsisting, or a tender of performance being alleged or proved.   A recovery of wages for the month of January, during which plaintiff was absent from his employment after the 20th, could upon no principle of estoppel be held to entitle him to recover wages for a subsequent month, when he neither performed nor offered to perform any service whatsoever.

The law is too well established to admit of question, that wages can only be earned and recovered for services actually performed, and that if the servant has been wrongfully dis-

charged, and has not performed the services because of not being permitted to do so, his only remedy is by an action for damages. (*Moody* v. *Leverich*, 4 Daly, 401; *Howard* v. *Daly*, 61 N. Y. 362.) The former judgment was conclusive as to the agreement for the employment of the plaintiff upon the terms stated in the complaint, as that question was directly litigated. It fully established the plaintiff's right to wages earned for the month of January, but it no otherwise gave countenance for any recovery for any subsequent month's wages without any performance of the services. (*Hughes* v. *Alexander*, 5 Duer, 488; *Van Alstyne* v. *Indiana, Pitt. & Clev. R. R. Co.*, 34 Barb. 28.) I therefore find as matters of law:

1. That the complaint, for want of allegation of performance, does not state any cause of action.

2. Accepting the proofs (under any power of amendment), no right of recovery is established because of nonperformance of any such service as the contract required during the period claimed, to wit: from May 1st, 1871, to the end of the year.

3. The judgment rendered by Justice Fowler, in no manner estops the defendant from asserting in this action either of the foregoing propositions.

"Judgment is therefore rendered in favor of the defendant."

From the judgment entered in accordance with the foregoing opinion the plaintiff appealed.

*Wm. Henry Arnoux*, for appellant.

*A. B. Capwell*, for respondent.

CHARLES P. DALY, Chief Justice.—The judgment recovered in the Third District Court, before Judge Fowler, was conclusive between the parties as to certain facts, which are: That the plaintiff was hired by the defendant on January 1st, 1871, for the period of one year, at the rate of $3,000, payable monthly; that in pursuance of this agreement, there was due to the plaintiff the sum of $37 42 for his wages under

this agreement for the month of January, after deducting payments that had been made to him; and a counter-claim which the defendant had against him.

The present action was brought to recover $2,000 for the plaintiff's wages under this contract, from May 1st, 1871, to January 1st, 1872, after deducting the amount earned and received by the plaintiff for work and services performed by him for other persons, after July 1st, 1871, and, as averred, during the continuance of the contract.

The plaintiff testified that from May 1st, 1871, to January 1st, 1872, he was ready and willing to perform the services under the contract made with the defendant, and that he made a tender of his services on the first day of February to the defendant.

The defendant proved that he discharged the plaintiff on the 20th of January, 1871; that the plaintiff then left his employment, and that he has never performed any services for the defendant since.

This evidence on the part of the defendant was objected to by the plaintiff, upon the ground that he could not show that the plaintiff was dismissed during the month of January, 1871, as that was a matter of defense in the action in which the judgment was recovered, and that the judgment was conclusive on that point. The judgment in that action was conclusive as respects the wages claimed for and recovered in it; but it is in no way conclusive upon the question in this action, whether the plaintiff was in the defendant's service during the time for which he sought to recover; that is, from the first of May, 1871, to the first of January, 1872; and as respects that claim, it was certainly competent for the defendant to show that before that period commenced the plaintiff was discharged, and had not, during that period, been in the defendant's service. There is nothing in the recovery of the previous judgment to cut him off from showing that fact. To maintain an action for wages upon the contract, the plaintiff had to show that he had performed the services contracted for, or had made sufficient tender of them. (*Moody* v. *Leverich*, 4 Daly, 403; *Smith* v. *Hayward*,

7 Adol. & El. 544; *Fewings* v. *Tisdal*, 1 Exch. 295; *Elderton* v. *Emmens*, 6 C. B. 178; *Howard* v. *Daly*, 61 N. Y. 362.) If he was prevented from performing them by his employer, his remedy is a general action to recover damages for the breach of the contract. This was not an action for recovering damages, but to recover $2,000, which, it is alleged, became due to the plaintiff, and which sum the plaintiff reduces to $1,400, allowing to the defendant the amount which he, the plaintiff, received during that time, for work done for other persons.

The proposition of the appellant, so ·far as I understand it, amounts to about this: That because judgment was given in the plaintiff's favor for a month's wages, for the month of January, under this contract, the judgment is conclusive to show that the plaintiff was not discharged by the defendant during that time; and that his being allowed in this action to show that he dismissed the plaintiff on January 20th, 1871, was erroneous. But that judgment covers only the plaintiff's right to wages during that month. It does not, and cannot, estop the defendant from showing that after that time, and during the whole of the time for which wages are sought to be recovered in this action, the plaintiff was out of his employment, and performed no services under the contract whatever, and made no tender of any. And this he did show by proving that the plaintiff had not been in his employment since January 20th, 1871, which fact being uncontradicted, established that the plaintiff's only remedy was an action for damages under the contract. He relies upon the averment and proof, that on the first of February he tendered his services, and was, up to the time agreed upon, ready and willing to render them. But this will not entitle him to maintain an action on the contract for the recovery of the stipulated wages. To authorize such a recovery, actual performance of the services contracted for must be shown, and a tender of them, or readiness and willingness to render them, will not authorize such a recovery. If the plaintiff was prevented by the defendant from performing the services, his remedy, and his only remedy, was an action to recover damages for the

breach of the contract, and that is not the action which he has brought.

The judgment should be affirmed.

LARREMORE, J., concurred.

JOSEPH F. DALY, J. [concurring].—It may be observed that the plaintiff, while objecting to proof by defendant that he was discharged and out of the latter's employment during the period for which he now sues, yet admits, and, in fact, himself avers that to be so, by allowing in his complaint $600 earned during the time by services to others than defendant.

Judgment affirmed.