JACOB H. ENGEL, Appellant, *against* LOUIS SCHOOLHERR *et al.*, Respondents.

(Decided May 22d, 1884.)

The receipt, by one employed as foreman of a department of a manufacturing business, of money from a workman in his department, and his keeping it with knowledge that it is intended as a bribe to give such workman preference or consideration in distributing the work, justifies the dismissal of the foreman from such employment.

An order setting aside a verdict for plaintiff as against the evidence may be affirmed on an appeal by him to the General Term, notwithstanding there was no request by defendant, at the trial, to have a verdict directed in his favor.

APPEAL from an order of this court granting a motion for a new trial made on the minutes of the judge who presided at the trial.

The action was for damages for wrongful discharge of plaintiff, who was hired by defendants as foreman of the cutting department of their business. The answer was a general denial, except of defendants' copartnership. On the trial, defendants gave evidence to justify the discharge of plaintiff on the ground that he had received, from the tailors to whom he gave out work, money to influence his conduct as foreman of defendants' establishment. Plaintiff denied the receipt of money except from one Waixelbaum, on behalf of one Friedman, and as to the sum then received —$20—he swears that he told Waixelbaum he never asked

for money, and desired him to take it back, but on Waixelbaum's refusal to do so he kept it.    The jury found a verdict for plaintiff, which the judge set aside on account of the receipt by plaintiff of the sum above mentioned. From the order setting aside the verdict plaintiff appealed.

*Blumenstiel & Hirsh*, for appellant.

*Kurzman & Yeaman*, for respondents.

J. F. DALY, J.—[After stating the facts as above.]— Testimony was given by three of the workmen, Morrison, Meyer and Katzenstein (expressman), that plaintiff demanded money for giving out the defendant's work, but plaintiff denied the fact.    The admitted receipt by him of the $20 from Waixelbaum on behalf of Friedman, another workman, although explained by him to be a voluntary offering and not an extortion or exaction, leads to the conviction that the three witnesses who testified against his single oath, testified truly, and if the case presented only a question of fact which it was the province of the jury to pass upon, I should be in favor of granting a new trial, that the case might be presented to another jury (*Clark* v. *Mechanics Nat. Bank*, 8 Daly 481–504).

But I think the evidence given by Waixelbaum as to the circumstances of the payment of the $20 to plaintiff on behalf of Friedman, and the receipt and retention of it by plaintiff, justify the act of defendants in discharging him, and that he should not recover in this action.    He was told by Waixelbaum from whom the money came; he knew it was sent him by Friedman, one of the tailors to whom he gave out work; and although he insisted that he had not asked for it, his keeping it with full knowledge that it could only have been intended as a bribe to give Friedman some preference or consideration in distributing the firm's work, was as much a breach of duty to defendants as if he had extorted it in the first instance.

It is objected by plaintiff to the granting of a new trial

that defendants did not ask to have a verdict directed in their favor, and having thus consented to a submission of the question to the jury, cannot afterwards be heard to allege that the verdict was against the evidence. Such an objection might be properly urged in an appellate court, where a review for error could only be heard on exception (*Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 632). But the rule is otherwise in the court in which the trial is had, and we have always applied it (*Maier* v. *Homan*, 4 Daly 168. See *Keyes* v. *Devlin*, 3 E. D. Smith 523, per WOODRUFF, J.)

The order appealed from is affirmed, with costs.

LARREMORE and BEACH, JJ., concurred.

Order affirmed, with costs.