McAdam, Ch. J.
Services were actually rendered under the contract of employment until December 11, 1886, to which time salary was paid. The plaintiff was on that day discharged, by means of which he was prevented from' rendering any further services under his contract.
The plaintiff’s appropriate remedy under snch circumstances was an action for wrongful discharge, founded on the breach by the defendant (Moody v. Leverich, 4 Daly, 401,408; Howard v. Daly, 61 N. Y. 362; S. C., 19 Am. R. 285), in which form of action he is entitled to recover “ for the loss or injury occasioned ” up to the time of trial (Bruell v. Colell, 1 City Ct. R. 308; Everson v. Powers, 89 N. Y. 527).
The cause of action arose at the time of the wrongful discharge, and there can be but one recovery for the breach, although the services (if they had been rendered) were to be paid for in weekly installments. One action is sufficiently comprehensive to embrace all the damages suffered, and the law will not permit the cause of action to be split up into parts so as to permit of a number of suits for substantially the same cause. The plaintiff herein recov *271 ered a judgment on the contract for the loss from December 11, 1886 (the day of the discharge), up till December 25, 1886. This recovery was founded on the breach because it was conceded by the printed case that no services whatever were rendered during this period. The judgment so recovered is a complete bar to any further recovery founded ou the same breach, that is, the wrongful discharge (see cases before cited).
The request to direct a verdict for the defendant should have been granted. It was error to have directed a verdict for the plaintiff. For this error the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.*
Browne and Hall, JJ., concurred.

 In Peverly v. Poole (N. Y. City Court, General Term, December, 1885), under a contract for plaintiff’s services as chorister in a spectacular play, providing that in case his services should not, “in the estimation of the” defendants11 be satisfactorily rendered, it shall then be lawful for ” the defendants to end the agreement, after first, however, giving 11 the plaintiff ” two weeks’ “ notice,” it was held that plaintiff might be lawfully discharged at any time without the defendants giving any reason therefor, and it could not be left to the jury to say whether his services were satisfactorily rendered.
If discharged without any prior notice, plaintiff would be entitled to recover as damages .the amount of his salary for the two weeks which he would have earned if the stipulated notice had been given.
Appeal by the plaintiff from a judgment entered in his favor upon a verdict directed by the court upon defendant’s motion for $24, the amount of plaintiff’s salary for two weeks, under the contract above stated. The action was brought for damages for the plaintiff’s wrongful discharge from defendant’s service.
Wm. L. Snyder (Wm. H. Reid, attorney) for the plaintiff, appellant.
A. J. Dittenhoefer and David Gerber, for the defendants, respondents.
Hall, J.—The plaintiff saw fit to enter into a contract with defendants, which provided that defendants might terminate the same at any time on two weeks’ notice, if in their estimation the services of plaintiff were not satisfactorily rendered.
The plaintiff, in effect, asks the court to leave it to the jury to say *272 whether or not, in the estimation of the defendants, the services rendered by plaintiff were satisfactory; but the plaintiff has, by his contract, chosen and designated the tribunal which was to pass upon the question, and the court has no power to make any new contract for the parties, or to deprive the defendants of their option so clearly expressed in the contract.
Defendants were not bound to give any reason for the formation of their estimate of plaintiff's services, nor did such decision depend upon the manner of plaintiff’s performance of his part alone; his services might, in the estimation of defendants, have been unsatisfactory to them, for the reason that others could do better, or that his performance added nothing to the success of the production, or that there were too many in the chorus, or for numerous other reasons in their managerial economy which it is useless and idle to inquire into, as no court or jury could rightfully determine the matters which entered into the minds of the defendants in making up thdir estimate of the satisfactoriness with plaintiff’s services.
The line of reasoning adopted and insisted upori by plaintiff’s counsel, would, I think, lead to results not at all contemplated by the contract. He says the plaintiff performed his part well and properly, and defendants expressed no dissatisfaction. But in every contract for personal service there is an implied agreement that the person to perform the service shall bo competent, and shall perform the services in a skillful and proper manner, and any failure to do this would give the employer the legal right to discharge the employee without any express provision in the contract, and in that case notice of discharge is all that would be required, but the employer would be bound to assign a reason for the discharge, and if challenged by a law suit, would be bound to establish the reason to the satisfaction of the court and jury. But if, in the case at bar, the defendants are compelled to state and establish their reasons for discharging an employee, the provision in the contract above referred to would be mere idle words.
The only injury which plaintiff could suffer by reason of not receiving the two weeks’ notice, provided by the contract, would be the amount of the salary for the two weeks, and this amount was allowed by the trial court. The cases upon defendants’ brief are conclusive as to the proper construction of this contract, and are all based upon absolute justice and reason.
The judgment and order appealed from must be affirmed, with costs.
For other cases as to grounds of discharge, see Note on Stipulations ■ to Satisfy, 17 Abb. N. C. 48; and Engel v. Schoolherr, 12 Daly, 417.
In Turner v. Kouwerhoven, 100 N. Y. 115, it was held that the mere failure of an employee to pay over money received by him for his em *273 ployer, not amounting to criminal conduct, did not bar an action for services where the full term of service was completed.
That the remedy for wrongful discharge is not an action at the end of the contract term of employment for wages for the entire period, but solely an action for damages for breach of the contract of hiring, see in addition to the cases cited in the opinion, Weed v. Burt, 7 Daly, 267 ; aff’d in 78 N. Y.. 191; Toles v. Hazen, 57 How. Pr. 516.
In James v. Commrs. of Allen Co., 44 Ohio St. 226 ; S. C., 25 Am. L. Reg. 521, with note, a case nearly parallel with that in the text, the court say that the early decisions in N. Y. on this point, are no longer law in that State, referring to Howard v. Daly, 61 N. Y. 362, where the doctrine of “constructive service” is declared to be “so opposed to principle, so clearly hostile to the great mass of authorities, and so wholly irreconcilable to that great and beneficent rule of law, that a person discharged from service must not remain idle, but must accept employment elsewhere, if offered, that we cannot accept it. The doctrine of constructive service is not only at war with principle,, but with the rules of political economy, as it encourages idleness, and' gives compensation to men who fold their arms and decline service equal with those who perform with willing hands their stipulated; amount of labor.”
See,, also, in support of the same rule, Chamberlain v. Morgan, 68 Penn. St. 168; Willoughby v. Thomas, 24 Gratt. 521; Whitaker v. Sandifer, 1 Duval, 261; Miller v. Goddard, 34 Me. 102.
In case of a wrongful discharge from employment, the employee • though bound to .take other suitable employment, if obtainable, and-thus reduce his damages, is bound only to take employment similar in-kind, and not any other or different employment that may be offered : him. Thus, if originally employed in the business of manufacturing essential oils and essences, at a fixed salary, he is not bound to accept, an offer of employment after his discharge to sell fancy boxes on com-mission. Fuchs v. Koerner, 52 Super. Ct. (J. & S.) 77.
Compare with the case in the text Perry v. Dickerson, 7 Abb. N . C. 466, where it was held that an artisan employed at weekly wages, and a commission on the product of his labor, to be computed and paid.: at periods of not more than six months, who is wrongfully discharged, is not barred by his own recovery in,an action for his weekly wages,, from maintaining a separate action for commissions on a period subsequently expiring.
In an action for an installment o.f rent, judgment in a junior action., for another installment which was due on the same covenant before the. senior action was commenced, may be set up by supplemental. answer-,, and is a bar to recovery. Jex v. Jacob, 7 Abb. N. C. 452.