·(25 Misc. Rep. 306.)

### DE VERE v. GILMORE et al.

(City Court of New York, General Term. November 18, 1898.)

1. EMPLOYMENT—DISCHARGE.
   A discharge is equivalent to a notice in writing as fixing the amount that can thereafter be recovered by an employé under a contract of employment allowing cancellation by giving two weeks' notice in writing.

·2. SAME—SUFFICIENCY.
   Verbal notice to employé that, "You quit us in N.," cannot, as matter of law, be held a discharge, so as to limit recovery of salary to two weeks thereafter, under contract of employment allowing cancellation by giving two weeks' notice in writing.

Appeal from trial term.

Action by Gustavus De Vere against Edward G. Gilmore and another. From judgment for defendants, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and O'DWYER and CONLAN, JJ.

Seaman Miller, for appellant.
Charles A. Hess, for respondents.

CONLAN, J.    This is an appeal from a judgment dismissing the complaint at the trial term at the close of the plaintiff's case.    The action was brought by the plaintiff, an actor, to recover damages for an alleged breach of employment made with the defendants on the 27th day of May, 1889, to begin on the 12th day of August, 1889, and to continue for the traveling season of 1889 and 1890, at the option of the party of the first part (defendants), unless sooner terminated as hereinafter provided.    The contract further provides for its cancellation by either party giving two weeks' notice, in writing, at any time during the season, of their intention to cancel the same. Obviously, then, the contract might be terminated at any time on a written notice of two weeks.    From the evidence it appears that the plaintiff received a verbal notice at Atlanta, Ga., on the 25th of November, 1889, that, "You quit us in Norfolk." "When we got to Norfolk, Van Duzen came to me, and gave me a ticket, and a check, for New York, either Saturday night or Sunday morning, December 7th."    The plaintiff also received his pay up to December 7th.    Under the contract the plaintiff was entitled to two weeks' notice, in writing, before the defendants' election to terminate became binding on him; and, notwithstanding this limitation, the defendants had the like right to discharge the plaintiff at any time on the payment or tender of the two weeks' salary which would be due him if he were unlawfully discharged, and his recovery would necessarily be limited to the two weeks, as discharge is equivalent to a notice in writing as fixing the amount to be recovered.    This was so held in the case of Watson v. Russell, 149 N. Y. 388, 44 N. E. 161, reversing 7 Misc. Rep. 636, 28 N. Y. Supp. 26, and 5 Misc. Rep. 352, 25 N. Y. Supp. 517; but, while this is so, nevertheless there should have been submitted to the jury the question whether the notice of intention to discharge was sufficient under the terms of the contract, as we are not prepared to say that a discharge actually took place before the 7th day of December; and, if that be so, and the jury should have found that the notice was insufficient, then the plaintiff would have a right to recover for the period of two weeks beyond the time when the dismissal actually occurred.

We think the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.    All concur.