(25 Misc. Rep. 312.)

### McGREGOR v. GILMORE et al.

(City Court of New York, General Term.   November 18, 1898.)

EMPLOYMENT—CONTRACT—DISCHARGE.
   Under a contract of employment providing for its cancellation by either party on giving two weeks' notice in writing, a notice of discharge is sufficient, and allows of recovery of only two weeks' salary thereafter.

Appeal from trial term.

Action by John E. McGregor against Edward G. Gilmore and another.   From judgment for plaintiff, and from an order denying a new trial, defendants appeal.   Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Charles A. Hess, for appellants.

Seaman Miller, for respondent.

CONLAN, J.   This is an appeal from a judgment entered upon a verdict of a jury, and from an order denying a motion for a new trial. The action was brought by the plaintiff, an actor, to recover damages for an alleged breach of employment made with the defendants on the 27th day of May, 1889, and to continue for the traveling season of 1889 and 1890, at the option of the party of the first part (defendants), unless sooner terminated as hereinafter provided.   The contract further provides for its cancellation by either party upon giving two weeks' notice, in writing, at any time during the season, of their intention to cancel the same.   In a precisely similar case presented to us, where, however, the complaint was dismissed at the trial at the close of the plaintiff's case, we held that a recovery was limited to a period of two weeks beyond the time of the discharge.   See opinion in De Vere v. Gilmore (decided at present general term) 54 N. Y. Supp. 587.   From the evidence in this case it appears that the plaintiff received a verbal notice at Atlanta, Ga., on the 25th of November, 1889, that the contract would be terminated at Norfolk, Va., on the 7th day of December, and on the latter day he received a ticket for New York, and a check for his baggage from Norfolk, and an additional notice that his employment ceased on that day.   The plaintiff, however, did not fully accept this situation, and claimed to be still in the employ of the defendants, and on the trial he recovered a judgment for a sum equal in amount to full pay at $35 per week down to the close of the season in April, 1890.

The defendants had the clear right to discharge the plaintiff at any time on the payment or tender of two weeks' salary, recovering the period of limitation given for the two weeks' notice of the discharge, as a discharge is equivalent to a notice in writing for the purpose of terminating the liability.   This was held in the case of Watson v. Russell, 149 N. Y. 388, 44 N. E. 161, and it is possible that the jury may have been led into the error of supposing that they had the right to find the verdict in the larger amount from the refusal of the court to charge, as requested by the defendants' counsel, that the plaintiff's

recovery, in any event, must be limited to the two weeks' pay to which he would be entitled after notice of discharge.

Under the ruling of the case of Watson v. Russell, supra, the verdict was beyond the amount the plaintiff was legally entitled to recover, and therefore the judgment and order appealed from should be reversed, and a new trial ordered, unless the plaintiff elects to accept a verdict for $70, with interest, in which event the judgment and order appealed from is affirmed, without costs. All concur.