DALLAS v. MURRY.

(City Court of New York, General Term.    March, 1902.)

CONTRACT OF EMPLOYMENT—DISCHARGE—DAMAGES.
     Where a contract of employment of an actor provided for its termina-
     tion at any time on two weeks' notice by the employer, on an arbitrary
     discharge on five days' notice by telegram the damages under the con-
     tract could not be more than the two weeks' salary.

Appeal from trial term.
Action by Mervyn Dallas against Jules Murry. From an order setting aside a verdict in favor of plaintiff, he appeals. Affirmed.
Argued before McCARTHY, DELEHANTY, and SEABURY. JJ.
Fromme Bros. (James A. Douglas, of counsel), for appellant.
Howe & Hummel, for respondent.

SEABURY, J. This is an appeal from an order granted by the justice presiding at a trial term setting aside a verdict rendered in favor of plaintiff for $600. On August 11, 1899, the parties hereto entered into a contract under which the defendant employed the plaintiff to perform certain services as an actor for the season of 1899–1900, commencing on September 26, 1899. Pursuant to this contract, the plaintiff played the part of a character in "Frederick the Great" until December 2, 1899, when he was discharged; having previously, on November 27th, received the following telegram from the defendant: "Your engagement terminates with performance Saturday night, December second." Several reasons for the discharge were urged upon the trial, by the defendant, which it is not

necessary now to consider. The contract of employment provided that the plaintiff might be discharged without notice for certain causes therein defined. It also provided that the agreement might be terminated when the defendant should determine to close the season, upon giving the plaintiff one week's notice in advance of termination. The contract also contained the following clause: "It is agreed that said party of the first part [the defendant] may terminate this agreement at any time hereafter, by giving said party of the second part [the plaintiff] two weeks' notice of his intentions so to do, in writing." The trial justice held that, under this clause in the contract, the damages which the plaintiff could recover could not exceed two weeks' salary, and therefore set aside the verdict and ordered a new trial. This was the sole reason upon which the decision was based, and the only question before us is the correctness of this reason.

The contract expressly provided that the defendant might terminate the relation existing between the parties at any time, upon two weeks' notice in writing. The telegram sent the plaintiff was explicit notice that the plaintiff's employment was to cease on December 2d. The defendant was not required by the contract to assign any reason for his action. The clause of the contract above referred to limited the recovery of the plaintiff to two weeks' salary. The parties having by agreement liquidated and fixed the damages of the plaintiff at two weeks' salary, this sum is therefore the proper measure of damages for a breach of the contract. That this rule may work a hardship, or that the actual damages sustained exceed the amount agreed upon, does not justify the exertion of "judicial efforts to make for parties wiser and more prudent contracts than they had made for themselves." Kemp v. Ice Co., 69 N. Y. 58. In Peverley v. Poole, 19 Abb. N. C. 271, decided by the general term of this court, it was held that, where a chorister in a spectacular play was discharged under a contract which provided that the defendant might discharge plaintiff by giving him two weeks' notice, "the only injury which plaintiff could suffer by reason of not receiving the two weeks' notice provided by the contract would be the amount of the salary for the two weeks." In Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. Supp. 995, the contract of employment provided that either party might cancel the agreement by giving two weeks' notice to the other, and, the plaintiff being discharged without notice, two weeks' salary was held to be the measure of damages to which he was entitled.

The rule laid down by these cases is now, since the case of Watson v. Russell, 149 N. Y. 388, 44 N. E. 161, established in this state. There the contract of employment contained this clause:

"It is further agreed that the said John H. Russell may cancel this contract at any time on giving the party of the second part one week's notice, and paying one week's additional salary; and, in consideration of such additional week's salary, the party of the second part agrees to accept one week's notice of cancellation at any time."

The court of appeals held that, the employer having discharged the employé, the latter's damages are to be deemed liquidated, and

fixed at two weeks' salary. French v. Brookes, 6 Bing. 354; Derry v. Board, 102 Mich. 631, 61 N. W. 61.

These authorities fully sustain the decision of the trial court. The order appealed from is therefore affirmed, with costs.

Order affirmed, with costs. All concur.