(53 Misc. Rep. 549)

### PARKER v. HYDE & BEHMAN AMUSEMENT CO.

(Supreme Court, Appellate Term. April 10, 1907.)

CONTRACTS—PERFORMANCE—SATISFACTION OF PARTY—RESCISSION—ACTIONS FOR BREACH—NONPERFORMANCE BY PLAINTIFF.

Where plaintiff contracted with defendant to render satisfactory services in her specialties at two performances each day for a theatrical engagement of one week, and was discharged in good faith after one performance because her services were unsatisfactory to the defendant and the public, she cannot recover the sum provided in the contract for the week's services.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Corinne Parker against the Hyde & Behman Amusement Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Hirsh & Rasquin (Fred W. Buermeyer, of counsel) for appellant.
J. S. & H. A. Wise, for respondent.

GIEGERICH, J.   The action was brought to recover the sum of $250, being the amount provided in the contract for the plaintiff's services under a theatrical engagement with the defendant. The agreement was in writing, dated November 2, 1905, for a term of one week, commencing November 20, 1905, and by its terms the plaintiff agreed "to render satisfactory services in her specialties at two performances each day" of the week in question. The contract was on a printed form, with the blanks filled in. Among the words so written in the blank spaces is the word "satisfactory." The contract contains some provisions in the printed portions thereof which were apparently in-

tended for engagements of a longer duration than the one in suit; one of such being the provision that the stipulated payment per week shall be "payable at the end of each and every week from the time this contract goes into effect." There is another provision "that either party shall have the right to cancel and terminate this contract by giving two weeks' written notice of their intention so to do to the other party interested." The plaintiff gave one performance under her contract, consisting of singing and dancing, and was thereupon discharged by the defendant's manager, who, upon the trial, testified that he discharged her in good faith and because her services were not satisfactory to the defendant or the public. It further was shown in evidence that the defendant advertised the plaintiff as one of the leading features on its bill, and that as a result of her discharge there was a vacancy left on its programme, which it had to fill by procuring another act to take its place.

Upon the entire case I do not think there was room for any conclusion other than that the defendant discharged the plaintiff in good faith and because her services were unsatisfactory. In Crawford v. Mail & Express Pub. Co., 163 N. Y. 404, 57 N. E. 616, the plaintiff had been engaged to write for a newspaper so long as his services should be "satisfactory to the publishers," and it was held that the employment was not that of an ordinary servant to perform work of a business or commercial nature, but rather an employment to prepare articles in the line of the policy of the paper, and that, inasmuch as there was no provision in the contract in any manner limiting the publishers in the exercise of their judgment as to what was satisfactory, they were at liberty to discharge him if his services were unsatisfactory for any reason. In Smith v. Robson, 148 N. Y. 252, 42 N. E. 677, which was a case of a contract of theatrical employment, reserving to the employer the right to discharge in the event that he should "feel satisfied" that the employé was "incompetent to perform the duties which he had contracted to perform," the court held that if the defendant had shown to the satisfaction of the jury that he was acting in good faith in discharging the plaintiff because he was dissatisfied, and that his action was not arbitrary and capricious, he could not have been held liable. In the present instance we think that the defendant established the facts just referred to, and that the judgment in favor of the plaintiff was unwarranted and erroneous.

There were a number of errors committed by the trial justice in excluding or striking out evidence offered or given on behalf of the defendant, but it is unnecessary to make detailed reference to them.

It is claimed, in support of the judgment, that the provision making the salary "payable weekly at the end of each and every week from the time the contract goes into effect" indicates that the parties contemplated a continuing engagement, and that the defendant could discharge the plaintiff only on giving the two weeks' notice elsewhere required in the contract—citing Fisher v. Monroe, 2 Misc. Rep. 326, 21 N. Y. Supp. 995; Gallo v. Mayor, etc., 15 App. Div. 61, 44 N. Y. Supp. 143; De Vere v. Gilmore, 25 Misc. Rep. 306, 54 N. Y. Supp. 587. But we think it is manifest, without argument, that there is no good ground for any such claim. The contract by its terms was for a period of

one week, and consequently there is no applicability to this case of decisions like Fisher v. Monroe, supra, holding that the employer is at liberty under such an agreement to discharge the employé at any time on payment of two weeks' salary in advance. Mere reference to the consequences of such an argument is sufficient to refute it, and to show that the parties could not have intended any such consequences or have had any such meaning.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.