SAXE v. SHUBERT THEATRICAL CO.

(Supreme Court, Appellate Term.   February 7, 1908.)

:MASTER AND SERVANT—DISCHARGE—GROUNDS FOR DISCHARGE.

> Where defendant employed the plaintiff as an actor under a contract providing that, if his services were. not satisfactorily rendered in the estimation of defendant, defendant might cancel the contract, but did not provide for a notice, defendant had the right to discharge the plaintiff when his services ceased to be satisfactory; the employment involving taste, fancy, and personal satisfaction or judgment, and the good faith of defendant in discharging him was not material.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 20, 21.]

Appeal from City Court of New York, Trial Term.

Action by Templar Saxe against the Shubert Theatrical Company. From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and ·GERARD, JJ.

Franklin Bien (Josiah Cantor, of counsel), for appellant.

William Klein (Max D. Steuer, of counsel), for respondent.

GERARD, J.   The defendant employed the plaintiff as an actor under a written contract which contained the following clause in paragraph 2:

"And it is further contracted and agreed by and between the parties to this instrument that in case the services so rendered by the party of the second ·part shall not in the estimation of the party of the first part be satisfactorily rendered, the party of the first part may cancel this contract and release him- :self from the terms thereof.   This to refer to rehearsals, as well as any performance."

The employment was for the theatrical season of 1906–07.   On November 10, 1906, defendant sent plaintiff a notice stating:

"According to the terms of the contract now existing between you and the ·Shubert Theatrical Company, this will serve as your two weeks' notice, end- .ing Saturday night, November 24, 1906."

Plaintiff was paid a salary of $100 a week, the price stipulated in ·the contract, down to November 24, 1906.   He received a second notice from the defendant, which he admitted he received on or prior to November 24th, as follows:

"Dear Sir:  Pursuant to the terms of paragraph second of the contract ·made with you, dated July 18, 1906, we hereby desire to notify you that your ·services are not satisfactorily rendered, and we hereby cancel the contract be- .tween you and ourselves.

"Yours truly,                    Shubert Theatrical Company."

The contract in question did not contain any clause providing for a ·two weeks' notice.   Where a contract contains a clause that the services are to be satisfactory to the employer, the right to discharge if the services are not satisfactory to him, if the employment is of the ·class involving taste, fancy, interest, and personal satisfaction or judgment, and if the employer discharges the employé, the question wheth- ·er not the services of the employé are satisfactory is to be determined

solely by the employer, and not by the court or jury. But where the employment is not of that class, and where the master has the power to discharge the employé, if satisfied in good faith that he is incompetent, there the good faith is one of fact, which must be submitted to the jury. This distinction is clearly laid down by the Appellate Division in the case of Fuller v. Downing, 120 App. Div. 39, 104 N. Y. Supp. 991, and Parker v. Hyde & Behman Amusement Co., 53 Misc. Rep. 549, 103 N. Y. Supp. 731. The plaintiff in this case was employed as an actor, an employment of the class involving taste, fancy, and personal satisfaction or judgment, and his contract therefore falls within the rule laid down in Crawford v. Mail & Express Publishing Company, 163 N. Y. 404, 57 N. E. 616, and the question of good faith of the defendant in discharging plaintiff is not material. In that case plaintiff, a newspaper writer, was employed at a fixed rate of compensation per week, so long as his services "shall be satisfactory to the publishers." The letter discharging the plaintiff in the Crawford Case contained no expression, or even suggestion, of dissatisfaction of his services. The defendant in the case at bar had the absolute right to discharge the plaintiff at any time when his services ceased to be satisfactory to it.

Judgment and order affirmed, with costs.

GILDERSLEEVE, P. J., concurs. SEABURY, J., taking no part.