GARDNER v. AMERICAN EDUCATIONAL ALLIANCE.

(Supreme Court, Appellate Term, First Department. May 11, 1915.)

MASTER AND SERVANT ⬤⇒35, 41—CONTRACT OF EMPLOYMENT—DISCHARGE.
    Where plaintiff was hired at a weekly salary, the contract being terminated by alterations in terms which the plaintiff refused to accept, being thereupon discharged, he was bound to cease work, and his remedy was a suit for damages, limited to wages for one week.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 41, 50–53; Dec. Dig. ⬤⇒35, 41.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Edward W. Gardner against the American Educational Alliance. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Sutro & Wright, of New York City (Boardman Wright, of New York City, of counsel), for appellant.

Thomas W. McKnight, of New York City, for respondent.

COHALAN, J. Plaintiff, a salesman of books, sued to recover salary, commissions, and traveling expenses alleged to be due him from

the defendant. The alleged term of employment was from June 17, 1914, to August 17, 1914.

Plaintiff bases his claim of a definite agreement for a salary of $25 per week upon an interview with Mr. Huntley, the president of the defendant corporation. It appears from his testimony that he showed that officer a pencil memorandum containing his proposed terms of hiring; that thereupon Mr. Huntley stated that later he would prepare an agreement. No written agreement, however, was ever prepared or executed. Even assuming that there was a contract of employment, as asserted by the plaintiff, it was terminated on July 9, 1914. Hence the plaintiff was entitled to receive thereafter only the commissions earned by him.

Upon his discharge, unless he was willing to work under the terms of the contract proposed by Mr. Rines, the defendant's agent, the plaintiff was bound to cease work, and if he were improperly discharged, his remedy was a suit for damages; these damages in this case would be limited to wages for one week. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285; Dallas v. Murry, 37 Misc. Rep. 599, 75 N. Y. Supp. 1040.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.